IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02145-BNB

VIRGINIA C. JAMES-SCOTT,

    Plaintiff,

v.

REGIONAL TRANSP. DISTRICT,
DRIVER, Block #32, Bus #2849,
B. MEDINA,
G. ARBERLY, and
K. MCCRAVE,

    Defendants.

## ORDER OF DISMISSAL

    Plaintiff, Virginia C. James-Scott, initiated this action by filing *pro se* a Complaint (ECF No.1) and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 3).

    On August 20, 2012, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) granting Ms. James-Scott leave to proceed pursuant to 28 U.S.C. § 1915 and directing her to file an amended complaint within thirty days that alleged a basis for this Court's jurisdiction, complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, and did not rely on any attachments to assert her claims. On September 4, 2012, Ms. James-Scott filed the amended complaint (ECF No. 5).

    The Court must construe Ms. James-Scott's filings liberally because she is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a pro se litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the amended complaint and the action will be dismissed.

The amended complaint again fails to comply with the pleading requirements of Rule 8.  In the September 4 order for an amended complaint, Ms. James-Scott was advised that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  The September 4 order also pointed out that prolix, vague, or unintelligible pleadings violate Rule 8.

Ms. James-Scott's amended complaint is vague and generally unintelligible.  She makes allegations in a sketchy manner, frequently in outline form, and intersperses attachments with the pages of the amended complaint.  She fails to assert a statutory

basis for this Court's jurisdiction, explain in an intelligible manner why she is suing the named Defendants, or provide a short and plain statement of her claims showing that she is entitled to relief.

Ms. James-Scott previously was warned that neither the Court nor Defendants is required to guess in order to determine the specific claims or the specific factual allegations that support the claims she intends to assert. The general rule that *pro se* pleadings must be construed liberally has limits and "the Court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). The September 4 order emphasized that Ms. James-Scott must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that Ms. James-Scott has failed to file an amended complaint that complies with the pleading requirements of Rule 8 and the directives of the September 4 order for an amended complaint. Therefore, the amended complaint and the action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal

from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Ms. James-Scott files a notice of appeal she must also pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended complaint and the action are dismissed without prejudice pursuant to Rule 8 and Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff, Virginia C. James-Scott, within the time allowed, to file an amended complaint as directed in the order of September 4, 2012. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  28th  day of   September  , 2012.

BY THE COURT:


 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court